IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FENTON, as trustee of the FENTON FAMILY TRUST,<br><br>               Plaintiff,<br><br>v.<br><br>NEIL BALICK, D.D.S.<br><br>               Defendant. | CIVIL NO. _____<br><br>VERIFIED COMPLAINT FOR:<br><br>(1)   REPLEVIN<br><br>(2)   CONVERSION<br><br>(3)   DECLARATORY RELIEF<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**I.    The Parties**

1.    Plaintiff Robert Fenton is the trustee of the Fenton Family Trust of 1982 ("Fenton Trust"), which is located at 223 La Jolla Cove, Westworth Village, Texas 76114.

2.    Defendant Neil Balick, D.D.S. is an individual who resides at 1701 Locust Street, #1909, Philadelphia, Pennsylvania 19103.

## II. Jurisdiction and Venue

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and cost.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the defendant resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and the property that is the subject of this dispute is located in this District.

## III. Statement of Claim

5.  The Fenton Trust was created by way of a written instrument signed on August 18, 1982 by Robert Fenton and his wife, Joyce Balick Fenton, also known as Shaindy Fenton. The Fenton Trust is governed by Texas law. Robert and Shaindy Fenton had one son, Keith Fenton, who is 46 years of age and is the current beneficiary of the Fenton Trust.

6.  Shaindy Fenton was a renowned art dealer who operated a private art gallery from her home in Fort Worth, Texas. Ms. Fenton had an international reputation for her knowledge of art, was well-known throughout the art community, and had developed friendships among several famous artists. Andy Warhol was among the artists with whom Shaindy Fenton had developed a friendship. Shaindy Fenton commissioned three portraits from Andy Warhol in exchange for her transfer of certain artwork and jewelry to Mr. Warhol. In 1978, 1980 and 1983, Andy Warhol made three acrylic silk-screen on canvas portraits of Shaindy Fenton, at least one of which has been displayed publicly ("Warhol Portraits"). One of the Warhol Portraits was blue (the "Blue Portrait"), another was red (the "Red Portrait") and the third was pink (the "Pink

Portrait"). The Warhol Portraits were delivered to Robert and Shaindy Fenton and were contributed to the Fenton Trust. The Blue Portrait is the art work that is at issue in this case.

7. Shaindy Fenton died on January 16, 1984. Pursuant to the terms of her will and the Fenton Trust, any remaining rights Shaindy Fenton had to the Warhol Portraits, if any, were transferred to the Fenton Trust. The Fenton Trust was the owner of each of the Warhol Portraits. The Fenton Trust has sold the Red Portrait and no longer owns it. The Fenton Trust owns the Pink Portrait and the Blue Portrait.

8. In or around December 1984, Robert Fenton sent the Blue Portrait to Shaindy Fenton's brother, defendant Neil Balick. Mr. Fenton intended that Dr. Balick would enjoy the portrait of his sister until such time as the Fenton Trust requested its return. Mr. Fenton did not, and never intended to, give or transfer title to the Blue Portrait to Dr. Balick. Mr. Fenton was not authorized to make a distribution of trust assets to Dr. Balick and did not do so. At no time did Mr. Fenton ever tell Dr. Balick that he could own or keep the Blue Portrait permanently.

9. On June 15, 2011, the Fenton Trust, through its attorney, wrote to Dr. Balick to demand the return of the Blue Portrait. Dr. Balick responded through his attorney by refusing to return the Blue Portrait to the Fenton Trust. The Blue Portrait has an appraised value in excess of $350,000.

**Count I**
**(Replevin)**

10. Plaintiff restates and incorporates by this reference the paragraphs set forth above as if fully stated herein.

11. Plaintiff owns the Blue Portrait, and has the immediate right to possess it.

12. Defendant has wrongfully detained and has refused to return the Blue Portrait to the Plaintiff upon its request. The Blue Portrait is in the Defendant's possession and control, and may be returned to Plaintiff easily.

13. The Plaintiff seeks an order requiring Defendant to immediately return the Blue Portrait to Plaintiff, as well as recovery of all damages resulting from the Plaintiff's loss of use and enjoyment of the Blue Portrait during the period of the wrongful detention.

### Count II
### (Conversion)

14. Plaintiff restates and incorporates by this reference the paragraphs set forth above as if fully stated herein.

15. By intentionally refusing to return the Blue Portrait, Defendant has intentionally deprived the Plaintiff of its rights to the Blue Portrait, including without limitation, its rights to display, enjoy, use, lend and/or possess the Blue Portrait. The Defendant has deprived the Plaintiff of its rights without Plaintiff's consent and without lawful justification.

16. The Plaintiff seeks an order requiring Defendant to immediately return the Blue Portrait to Plaintiff. Further, Plaintiff seeks to recover any and all damages it has or will incur as a result of the Defendant's wrongful conversion.

17. The Defendant's conduct was done with malice, fraud and oppression and with the intent to inflict injury, emotional distress and economic and other harm to the Plaintiff. Plaintiff seeks an award of exemplary and punitive damages against the Defendant in an amount to be proven at trial.

## Count III
### (Declaratory Relief)

18. Plaintiff restates and incorporates by this reference the paragraphs set forth above as if fully stated herein.

19. An actual controversy has arisen and exists between Plaintiff and Defendant concerning the ownership and right to possession of the Blue Portrait. Plaintiff seeks a declaration that it is the owner of the Blue Portrait and that Defendant must return it to the Plaintiff immediately.

20. A declaratory judgment is needed to clarify the legal relations of the parties and will serve a useful purpose in resolving and settling the legal relations at issue. A declaratory judgment will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

21. Plaintiff is entitled to a temporary restraining order, preliminary injunction and permanent injunction restraining Defendant from (a) continuing to deprive Plaintiff of possession of the Blue Portrait pending trial, (b) taking any steps to sell, transfer, hypothecate, securitize or otherwise encumber the Blue Portrait in any way. Such injunctive relief is in aid of this Court's jurisdiction over this dispute and is necessary to preserve the status quo pending the outcome of this lawsuit.

IV. **Prayer for Relief**

WHEREFORE, plaintiff Robert Fenton as trustee of the Fenton Family Trust respectfully prays that this Court:

A. Enter an order granting replevin and ordering the defendant to return the Blue Portrait to the Fenton Trust;

B. Find for plaintiff on its claim for conversion;

    C.    Award compensatory damages according to proof;

    D.    Award punitive and exemplary damages according to proof;

    E.    Entering a declaratory judgment declaring that (a) the Fenton Trust is the true owner of the Blue Portrait, and (b) the Fenton Trust is entitled to immediate possession of the Blue Portrait;

    F.    Entering a temporary restraining order, preliminary or permanent injunction restraining Defendant from (a) continuing to deprive Plaintiff of possession of the Blue Portrait pending trial, (b) taking any steps to sell, transfer, hypothecate, securitize or otherwise encumber the Blue Portrait in any way

    G.    Awarding costs, attorneys' fees and interest to the plaintiff.

    H.    For such further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury trial on all issues.

Dated August 9, 2011

Montgomery, McCracken, Walker & Rhoads, LLP

By: _____
Jeremy D. Mishkin (JDM5120)
123 S. Broad Street, FL24
Philadelphia, PA 19109
Telephone: 215-772-7246
Facsimile: 215-731-3883
Email: jmishkin@mmwr.com


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: _____
JAMES M. BURGESS, (*pro hac vice* pending)

1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: 310-228-3700
Facsimile: 310-228-3701
Email: jburgess@sheppardmullin.com

Attorneys for Plaintiff, ROBERT FENTON, as trustee of the FENTON FAMILY TRUST

## VERIFICATION

I, Robert Fenton, hereby declare and state as follows:

1. I am the Trustee of the Fenton Family Trust. I am authorized to execute this Verification on behalf of the Plaintiff as trustee of the Fenton Family Trust.

2. I declare that the factual statements contained in the VERIFIED COMPLAINT FOR: (1) REPLEVIN, (2) CONVERSION, and (3) DECLARATORY RELIEF, are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of Pennsylvania and the United States of America that the foregoing is true and correct, and that this Declaration was executed in Fort Worth, Texas on August 4, 2011.

_____
Robert Fenton