IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FENTON, as TRUSTEE of the FENTON FAMILY TRUST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEIL BALICK, D.D.S. | : | NO.  11-5085 |

## MEMORANDUM

Padova, J.                                                                               November 2, 2011

This is a state law action for conversion and replevin regarding the ownership of an Andy Warhol painting. Defendant has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is denied.

**I.   FACTS**

The Complaint alleges the following facts. Robert Fenton ("Robert") is the trustee of the Fenton Family Trust ("the Trust"), which was created by Robert and his late wife Joyce Balick Fenton, also known as "Shaindy" Fenton. (Compl. ¶¶ 1,5.) Defendant Neil Balick is Shaindy Fenton's brother. (Id. ¶8.)

The subject of this suit is a portrait of Shaindy painted by Andy Warhol. (Id. ¶ 6.) Shaindy was a renowned art dealer who had an international reputation and was friends with Warhol. (Id.) Shaindy commissioned Warhol to paint three portraits of her between 1978 and 1983, which are referred to as the "Blue Portrait," the "Red Portrait," and the "Pink Portrait." (Id.) Shaindy died in January 1984, and, pursuant to the terms of her will, her rights to the three Warhol paintings were transferred to the Trust. (Id. ¶ 7.) In or around December 1984, Robert Fenton sent the Blue Portrait, which has an appraised value of more than $350,000, to Defendant Neil Balick. (Id. ¶¶ 8,9.) Robert

1

"intended that Dr. Balick would enjoy the portrait of his sister until such time as the Fenton Trust requested its return. [Robert] did not, and never intended to, give or transfer title to the Blue Portrait to Dr. Balick." (Id. ¶ 9.) Robert was not authorized to make a distribution of trust assets to Balick and never told Balick he could own or keep the Blue Portrait permanently. (Id.) On June 15, 2011, the Trust wrote to Balick and demanded return of the Blue Portrait. (Id. ¶ 9.) Balick refused. (Id.)

Plaintiff filed suit in this Court on August 9, 2011, asserting claims for replevin and conversion, and requesting a declaratory judgment. Plaintiff seeks the return of the Blue Portrait, damages for Defendant's wrongful possession, and a declaration that the Trust is the true owner of the Blue Portrait and that Defendant must return the portrait immediately. Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that: 1) Plaintiff has failed to state a claim for replevin upon which relief can be granted; 2) Plaintiff has failed to state a claim for conversion upon which relief can be granted; 3) the statute of limitations bars all of Plaintiff's claims; and 4) the doctrine of laches bars all of Plaintiff's claims.

## II. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

**III.    Discussion**

    A.    Replevin

"Replevin is an action at law to recover the possession of personal property and to recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." Transport Int'l Pool, Inc. v. United Transport Carriers, Civ. A. No. 02-8163, 2003 WL 1918973, at *3 (E.D. Pa. Apr. 21, 2003). "To prevail in a replevin action, 'the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.'" Susquehanna Commercial Fin., Inc. v. French, Civ. A. No. 10-7481, 2011 WL 1743503, at *4 (E.D. Pa. May 5, 2011) (quoting Ford Motor Credit Co. v. Caiazzo, 564 A.2d 931, 933 (Pa. Super. Ct. 1989)). Plaintiff "must show

good title and right to possession as against the defendant, but is not required to set up such title or right as against the whole world." Ford Motor Credit, 564 A.2d at 933 (citing Gensbigler v. Shawley, Inc., 60 A.2d 360, 362 (Pa. 1948)). Defendant argues that the Complaint fails to state a claim for replevin upon which relief can be granted because the Complaint does not allege any facts that, if true, would establish that the Trust owns the Blue Portrait.

The Complaint alleges that Shaindy transferred title to the Blue Portrait to the Trust, which has not relinquished title to that portrait to Defendant. (Compl. ¶¶ 7-8.) The Complaint further alleges that Robert Fenton could not legally transfer title to the Blue Portrait to Defendant. (Id. ¶ 8.) Taking the allegations of the Complaint as true, we find that the Complaint alleges that Plaintiff has title to the Blue Portrait. Drawing all reasonable inferences in favor of Plaintiff, we further find that the Complaint alleges that the Trust retained the right to the return of the Blue Portrait. (Id. ¶ 8.) We conclude, accordingly, that the Complaint states a plausible claim for replevin under Pennsylvania law upon which relief can be granted. See Susquehanna Commercial Fin., Inc., 2011 WL 1743503, at *4.

    B.    Conversion

"[U]nder Pennsylvania law, conversion is the 'deprivation of another's right of property, or use or possession of a chattel, or other interference therewith, without the owner's consent and without legal justification.'" Universal Premium Acceptance Corp. v. York Bank & Trust Co., 69 F.3d 695, 704 (3d Cir. 1995) (quoting Cenna v. United States, 402 F.2d 168, 170 (3d Cir. 1968)). See also Epstein v. Saul Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. Ct. 2010). A conversion can occur in several ways: 1) acquiring possession of property with the intent to assert a right to it adverse to the owner; 2) transferring the property and therefore depriving the owner of control; 3) unreasonably

withholding possession of the property from the one who has the right to it; and 4) misusing or seriously damaging the property in defiance of the owner's rights. Fort Washington Res., Inc. v. Tannen, 846 F. Supp. 354, 361 (E.D. Pa. 1994) (citing Norriton E. Realty Corp. v. Central Penn Nat'l Bank, 254 A.2d 637, 638 (Pa. 1969)). "Where one lawfully comes into possession of a chattel, a conversion occurs if a demand for the chattel is made by the rightful owner and the other party refuses to deliver." Prudential Ins. Co. of America v. Stella, 994 F. Supp. 318, 323 (E.D. Pa. 1998) (dealing with a termination of an employee and the continued possession of confidential documents which allegedly were sole property of the employer). See also Stenograph, L.L.C. v. Sims, Civ. A. No. 99-5354, 2000 WL 964748, at *3 (E.D. Pa. Jul 12, 2000) (stating that, even if defendant received the property as a gift, her failure to return it once she was notified that it did not belong to her and she had no right to use it constituted a conversion).

Defendant argues that the Complaint fails to state a claim for conversion upon which relief can be granted because the Complaint alleges that Defendant had permission to possess the Blue Portrait. Taking the factual allegations of the Complaint as true, we find that the Complaint alleges that Plaintiff, which had a right to the Blue Portrait, made a demand for the Blue Portrait and that Defendant refused to deliver it. We conclude that these allegations support a plausible claim for conversion under Pennsylvania law. See Stenograph, 2000 WL 964748, at *3; Prudential, 994 F. Supp. at 323.

C. Statute of Limitations

Defendant argues that the Complaint should be dismissed because the statute of limitations has run on all of Plaintiff's claims. There is a two-year statute of limitations for claims of conversion and replevin under Pennsylvania law. 42 Pa. Cons. Stat. Ann. § 5524(3); Zuk v. E. Pa. Psychiatric

Inst. of the Med. Coll. of Pa., 103 F.3d 294, 300 (3d Cir. 1996) ("The Pennsylvania statute of limitations on replevin is two years."); Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. Ct. 1984) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations."). A claim for declaratory relief "is governed by the applicable statute of limitations on the concurrent legal remedy." Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 184-85 (3d Cir. 1997) (applying the statute of limitations of 42 Pa. Cons. Stat. Ann. § 5524(7) to a declaratory relief action).

"Under Pennsylvania law, 'a cause of action for conversion does not accrue until there has been a demand for the goods and a refusal to deliver.'" Serafini v. Mariani, Civ. A. No. 08-4069, 2010 WL 1342926, at *5 (M.D. Pa. Mar. 31, 2010) (quoting Dranoff v. Merrill Lynch, Civ. A. No. 86-3048, 1986 WL 15014, at *2 (E.D. Pa. Dec. 31, 1986)). In a replevin action, the statute of limitations does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights. See MacDonald v. Leverington Constr. Co., 200 A. 8, 9 (Pa. 1938). See also Zuk, 103 F.3d at 300 (noting that claim for replevin had arisen once defendant's possession was "open, notorious, and under claim of right"). Cf. Priester v. Milleman, 55 A.2d 540, 542 (Pa. Super. Ct. 1947) ("When chattels are placed into the possession of another and are to be returned at a fixed time, as in the case of a conditional sale and undoubtedly in a bailment, the right of action accrues immediately upon a default.").

Generally, the statute of limitations is not an appropriate ground for a 12(b)(6) motion, and an exception is only made "where the complaint facially shows noncomplaince with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). See also Giordano v. Claudio, 714 F. Supp. 2d 508, 529 (E.D. Pa. 2010). "The defendant bears a heavy burden in seeking to establish that the challenged claims are barred as a matter of law." Richardson v. Richardson, Civ. A. No. 07-4510, 2008 WL 2812977, at *3 (E.D. Pa. July 21, 2008) (internal quotation marks omitted) (quoting Meijer, Inc. v. 3M, No. 04-5871, 2005 WL 1660188, at *2 (E.D. Pa. July 13, 2005). See also Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 498 (3d Cir. 1985).

Taking the factual allegations of the Complaint as true, we find that Defendant initially possessed the Blue Portrait with Plaintiff's permission. Only when Plaintiff demanded its return and Defendant refused did the cause of action for conversion arise, and only then did Defendant's possession become inconsistent with Plaintiff's rights, giving rise to the action for replevin. The demand by Plaintiff and refusal by Defendant occurred in June 2011. Accordingly, based on the allegations in the Complaint, the two-year statutes of limitations for conversion, replevin, and declaratory relief have not expired.

D. Laches

Defendant also argues that the doctrine of laches bars Plaintiff's claim. Defendant asserts that he has been prejudiced by Plaintiff's delay of 26 years in filing the instant suit. Specifically, Defendant states that he has been prejudiced because his sister, Shaindy, were she alive, would testify that she gave him the Blue Portrait as a gift.

Laches is an equitable defense which can limit or bar certain claims. See Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 134 (3d Cir. 2000). "Under Pennsylvania law, the doctrine of laches has two elements: (1) inexcusable delay; and (2) prejudice." Id. (citing Jacobs v. Halloran, 710 A.2d 1098, 1102 (Pa. 1998)). "'Laches arises when a defendant's position or rights

*are so prejudiced* by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him.'" Jacobs, 710 A.2d at 1102 (quoting In re Bach's Estate, 231 A.2d 125, 130 (Pa. 1967)). "Proof of the elements of laches must be clear from the face of the record" and because "[t]he defense of laches is a factual one," it "generally requires a hearing." Seder v. West Mifflin Area Sch. Dist., 713 A.2d 1222, 1225 (Pa. Commw. Ct. 1998) (citing Meier v. Maleski, 648 A.2d 595 (Pa. Commw. Ct. 1994)). "[I]n the absence of fraud or concealment, it is a general rule that laches follows the statute of limitations." Holmes, 213 F.3d at 134 (quoting United Nat'l Ins. Co. v. J.H. France Refractories Co., 668 A.2d 120, 124 (Pa. 1995)).

The equitable defense of laches, however, is not available in most actions at law. Furman Lumber, Inc. v. Mountbatten Surety Co., Inc., Civ. A. Nos. 96-7906, 96-8168, 96-8352, 1997 WL 539685, at *14 n.1 (E.D. Pa. Aug. 6, 1997) (citing Beech v. Ragnar Benson, Inc., 587 A.2d 335, 337 (Pa. Super. Ct. 1991)). Conversion is an action at law and therefore laches is not a defense to it. Shonberger 530 A.2d at 487. Equitable principles, however, are applicable to the legal action of replevin. Gemini Equip. Co. v. Pennsy Supply, Inc., 595 A.2d 1211, 1214 (Pa. Super. Ct. 1991) (citing Brandywine Lanes, Inc. v. Pittsburgh Nat'l Bank, 284 A.2d 802 (Pa. Super. Ct. 1971)). Declaratory judgments are equitable in nature and thus the doctrine of laches applies. See Building Ind. Ass'n of Lancaster Cnty. v. Manheim Twp., 710 A.2d 141, 146-47 (Pa. Commw. Ct. 1998) (analyzing the defense of laches in an action for declaratory judgment); Smith v. York Cnty., 388 A.2d 1149, 1151 (Pa. Commw. Ct. 1978) ("[A] petition for declaratory judgment is equitable in nature."). See also Green v. Mansour, 474 U.S. 64, 72 (1985) ("The propriety of issuing a declaratory judgment may depend upon equitable considerations . . . .").

The doctrine of laches does not require the dismissal of the instant claims, especially in light of the undeveloped record at this point in the litigation. As to the element of inexcusable delay, based on the allegations in the Complaint, the lapse of time between the injury and the commencement of the suit was only a few months, not 26 years as Defendant avers. As to prejudice, Defendant has asserted that he has been prejudiced by the delay because Shaindy, who is now deceased, would have testified that she gave Defendant the Blue Portrait as a gift. But, according to the Complaint, Shaindy transferred her rights to the Blue Portrait to the Trust, not to Defendant. Accepting this fact as true and considering only the allegations in the Complaint, as we must when ruling on a Rule 12(b)(6) motion, we cannot conclude that Defendant has been prejudiced by Shaindy's inability to testify. Furthermore, as there are no allegations of fraud or concealment, our conclusion that the statute of limitations has not run guides our determination that laches too does not bar these claims. Accordingly, based on Plaintiff's allegations, the doctrine of laches does not warrant dismissal of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Complaint states plausible claims for replevin and conversion upon which relief can be granted, and that, based on the allegations in the Complaint, the statute of limitations and the doctrine of laches do not bar Plaintiff's claims. Accordingly, the Motion to Dismiss is denied. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.